FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEY TRONIC CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALIEN TECHNOLOGY, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:24-CV-00365-RLP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART |

Before the Court is Plaintiff Key Tronic Corporation's Motion for Summary Judgment, ECF No. 15. Oral argument was held on this matter on November 6, 2025. Key Tronic was represented by Steven P. Vaughn and John Theiss. Defendant Alien Technology LLC (AT) was represented by Teruyuki Scott Olsen.

For the reasons discussed below, Key Tronic's motion is granted in part, and denied in part.

//

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART * 1

BACKGROUND

Key Tronic is a manufacturer of electronics. ECF No. 1 at 2. On June 27, 2019, Key Tronic executed a Manufacturing Agreement (the "Agreement") with AT for Key Tronic to manufacture AT's products. ECF No. 16-1. Under Section 6(b) of the Agreement, AT was to pay all invoices for products delivered within 30 days of the date of invoice. *Id*. at 5. Interest at a rate of 1.0% per month was to be charged on unpaid invoices. *Id*. Under Section 2(a), AT agreed to be responsible for any excess materials that remained in Key Tronic's inventory for more than 60 days ("Aged Inventory") and storage fees for the Aged Inventory. *Id*. at 2-3. The Agreement also contained a force majeure clause which provided:

> Neither party shall be liable for delays or defaults due to fire, windstorm, riot, civil unrest, act of God, act of the public enemy, shortages of parts and materials, or other similar unforeseeable cause beyond the reasonable control and without the fault or negligence of the party incurring such delay.

*Id*. at 11.

Due to supply chain shortages caused by the COVID-19 pandemic, in 2021 Key Tronic became unable to manufacture products for AT due to component shortages. ECF No. 21 at 39-40. Purchase orders AT placed in 2021 were not completed by Key Tronic for over a year. *Id*., ¶10; at 60-61.

Despite delays, Key Tronic continued to manufacture and deliver products for AT. ECF No. 16, ¶¶6-7; *see also* ECF No. 35-3 (May 2022 authorization from AT for Key Tronic to continue to purchase components). AT failed to pay Key

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART * 2

Tronic for $177,729.80 in products manufactured and delivered. ECF No. 16, ¶9. Key Tronic holds $602,144.15 in Aged Inventory purchased for AT's benefit. ECF No. 36, ¶4. In addition, Key Tronic lost $108.980.98 on Aged Inventory sold at a discount to mitigate damages. *Id*.

AT paid a balance of $343,912.33 in Inventory Reserves. *Id*., ¶5. The value of the held Aged Inventory and the losses on sold Aged Inventory, less the credit paid by AT, results in a balance of $367,212.80 in Aged Inventory owed by AT. ECF Nos. 21, ¶¶7-8; 36-1 at 2.

Key Tronic calculates the amount of storage fees attributable to AT's Aged Inventory to be $558,364.61 through July 2025. ECF Nos. 36, ¶6; 36-2 at 2. Key Tronic's figure accounts for $241,078.57 in storage payments made by AT during the term of the Agreement. *Id*. AT alleges it paid Key Tronic $268,696.08 in storage fees between 2020 and 2022. ECF No. 21, ¶13; 21 at 69-71.

Key Tronic filed this suit on October 23, 2024, asserting claims for breach of contract and promissory estoppel. ECF No. 1. Key Tronic now moves for summary judgment on its breach of contract claim. ECF No. 15.

## ANALYSIS

Summary judgment will be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). In ruling on a motion for summary judgment, the

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART * 3

Court views the evidence and inferences therefrom "in the light most favorable to the adverse party". *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008) (quoting *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977)). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986)).

*Liability*

Under Washington law, a breach of contract occurs when (1) the parties entered into an enforceable contract; (2) the contract was breached by one or both parties; and (3) the party seeking recovery was damaged as a result of the breaching party's actions. *See Nw. Indep. Forest Mfrs v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995). Under Washington's UCC, tender of conforming goods entitles the seller to the payment according to the contract. RCW 62A.2-507(1).

Key Tronic has presented evidence that AT entered into an enforceable contract (the Agreement), that AT breached the contract by failing to pay invoices, and that it was damaged by AT's failure to pay. AT does not dispute any of these points. Instead, AT asserts its failure to pay for Aged Inventory and storage fees is excused under the Agreement's force majeure clause. However, AT raised this

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART * 4

argument for the first time in opposition to Key Tronic's motion for summary judgment.

FRCP 8(c) requires an answering party to affirmatively state any avoidance or affirmative defense in its responsive pleading. Failure to plead an affirmative defense results in waiver of that defense. *Wakefield v. ViSalus*, 51 F.4th 1109, 1119 (9th Cir. 2022). The operation of a force majeure clause to avoid liability for breach of contract is an affirmative defense which must be raised in a responsive pleading. *See, e.g.*, *Commonwealth Casino Comm'n v. Imperial Pac. Int'l (CNMI), LLC*, 2023 WL 5526679, at *3 (N. Mar. I. Aug. 25, 2023). As AT failed to raise the force majeure clause in its answer, this affirmative defense is waived.

The Court has discretion to allow a defendant to raise an affirmative defense for the first time in opposition to a motion for summary judgment if no prejudice would result. *See Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). But that is not the case here. Key Tronic was not on fair notice that AT intended to raise the force majeure clause to avoid liability for its breach of contract.

At oral argument, AT argued the force majeure clause should be interpreted to excuse its liability for Aged Inventory and storage fees occasioned by parts shortages which prevented Key Tronic from timely shipping finished products.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART * 5

Key Tronic is clearly prejudiced by the untimely assertion of this affirmative defense. The discovery deadline passed on August 25, 2025. ECF No. 14 at 3. Had Key Tronic been on notice, it would have been able to conduct discovery into the parties' intentions relating to the force majeure clause. As the deadline has passed, it is unable to do so. As Key Tronic would be prejudiced by AT's untimely assertion of the force majeure clause as a defense, the Court declines to allow AT to raise it as a defense to Key Tronic's motion for summary judgment. Therefore, Key Tronic's motion for summary judgment is granted with regards to liability.

*Damages*

Key Tronic contends the Court can grant it summary judgment on its stated damages for breach of contract. AT contends there are questions of fact as to damages, as it is unclear whether Key Tronic's claimed damages include various prepayments and credits, and whether Key Tronic mitigated its damages.

Key Tronic contends, and AT does not dispute, that AT failed to pay invoices for $177,729.80 of delivered product. Nor does AT dispute that, under the contract, it is required to pay interest at the rate of 1% per month on overdue invoices. Therefore, as a matter of law Key Tronic is entitled to damages of $177,729.80 plus interest for the delivered product.

Turning to Key Tronic's damages for Aged Inventory and storage fees, AT produced evidence that it prepaid for Aged Inventory and some storage costs. Key

Tronic's evidence shows that its damages calculations include AT's prepayments. *Compare* ECF No. 36-1 at 2 *with* ECF No. 21, ¶¶7-8. There is no genuine dispute Key Tronic is entitled to $367,212.80 in Aged Inventory.

The parties' storage fees calculations do not add up, however. Key Tronic claims AT paid $241,078.57 in storage fees, while AT contends it paid $268,696.08. Both parties present evidence in support of their positions. Key Tronic's numbers include various charges for "Carrying Cost," ECF No. 36-2 at 2, which are not reflected in AT's produced invoices, ECF No. 21 at 71, and AT produced invoices for storage fees it alleges to have paid from March through June 2022 which are not reflected in Key Tronic's payment table. This presents a genuine dispute of fact as to amounts AT paid for storage fees, and thus amounts AT still owes. The Court declines to grant Key Tronic summary judgment as to storage fees.

AT also contends there is a question of fact as to whether Key Tronic reasonably mitigated its damages. "The doctrine of mitigation of damages, or avoidable consequences, prevents an injured party from recovering damages that the injured party could have avoided if it had taken reasonable efforts after the wrong was committed." *TransAlta Centralia Generation LLC v. Sicklesteel Cranes, Inc.*, 134 Wn. App. 819, 825-26, 142 P.3d 209 (2006). "A person who has been injured by another's wrongdoing is given wide latitude and is only required to

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART * 7

act reasonably in mitigating her damages." *Id*. at 826. "Accordingly, whether a party properly mitigated her damages turns on a determination of reasonableness. An issue about which reasonable minds could differ is a jury question." *Id*.

AT suggests that Key Tronic should have sold microprocessors from the Aged Inventory to mitigate its damages. However, Key Tronic did resell Aged Inventory, as reflected in its reduced damages calculations. AT presents no evidence or other reason to believe Key Tronic could or should have sold more Aged Inventory. AT cannot demonstrate a genuine dispute of fact by simply arguing Key Tronic should have done more. Instead, AT is required to produce specific facts showing Key Tronic behaved unreasonably. AT fails to do so, and Key Tronic is entitled to summary judgment on AT's failure to mitigate damages defense.

**IT IS ORDERED:**

1. Plaintiff Key Tronic Corporation's Motion for Summary Judgment, **ECF No. 15** is **GRANTED in part and DENIED in part**.

2. Defendant Alien Technology LLC is liable to Plaintiff Key Tronic Corporation for $177,729.80 plus interest in delivered product, and $367,212.80 in Aged Inventory.

//

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN PART * 8

3.   Within 7 days of this order, the parties shall contact the Courtroom Deputy at linda_hansen@waed.uscourts.gov to schedule a status conference with the Court concerning whether the parties intend to continue to trial on the remaining issues in this case.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to the parties.

DATED November 12, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE