FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEY TRONIC CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALIEN TECHNOLOGY, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 2:24-CV-00365-RLP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

Before the Court is Defendant Alien Technology, LLC's Motion for Reconsideration, ECF No. 41, of the Court's previous Order Granting Motion for Summary Judgment in Part, ECF No. 39. The motion was submitted for consideration without oral argument. For the reasons provided below, the motion for reconsideration is denied.

## BACKGROUND

Plaintiff Key Tronic Corporation had an Agreement with Alien Technology, LLC (AT) to manufacture card readers. ECF No. 16-1. Under the Agreement, AT

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION * 1

was liable for parts and materials held in Key Tronic's inventory for more than 60 days (Aged Inventory) and storage fees thereto. *Id*. at 2-4. The contract also contained a Force Majeure Clause. *Id*. at 11. Due to the COVID-19 pandemic and consequent supply chain shortages, Key Tronic became unable to deliver card readers in a timely fashion. ECF No. 21 at 39-40. However, Key Tronic continued to purchase parts and materials pursuant to AT's rolling forecasts. ECF No. 16, ¶¶6-7; *see also* ECF No. 35-3 (May 2022 authorization from AT for Key Tronic to continue to purchase components). Eventually, AT stopped paying for delivered card readers, Aged Inventory, and storage fees. ECF No. 16, ¶9.

Accounting for held Aged Inventory minus items sold to mitigate damages and payments made by AT, Key Tronic is owed $367,212.80 in Aged Inventory purchased for AT's benefit.[1] ECF No. 36, ¶¶ 4-5.

---

[1] On reconsideration, AT produces a new declaration from its Vice President Manton Cheung disputing the amount of Aged Inventory owed. ECF No. 43. Mr. Cheung appears to contend that in January 2024 Key Tronic ordered hundreds of thousands of dollars of parts without AT placing additional orders. *Id*. Mr. Cheung also expresses his belief that Key Tronic inflated the value of previously purchased parts to reflect later inflated pandemic pricing. *Id*., ¶11.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION * 2

  Key Tronic filed suit on October 23, 2024. ECF No. 1. AT filed its answer on January 6, 2025. ECF No. 9. Among other affirmative defenses, AT asserted, "2. Plaintiff's damages, if any, were caused by its own actions or failures and/or failure to mitigate damages. 3. Plaintiff materially breached the contract first, discharging Defendant's obligations. . . . 10. Offset and setoff." *Id*. at 7.

  In a phone call between counsel on January 14, 2025, AT's counsel discussed its position that the "pandemic caused shortages and inability to perform. . . . Claim is that much of the inventory is not usable because key parts like semiconductors were unavailable so ancillary parts storage fees and costs are unreasonable to charge for because the storage was due to inability of Key Tronic to produce." ECF No. 42, ¶2.

  In the Joint Status Report filed on May 1, 2025, AT asserted:

> The claims in the case arise out of a manufacturing supply contract that Key Tronic alleges AT breached. The issues related to a history of orders and fulfillment issues both before, during, and after the pandemic where expectations of the respective parties were missed. The lawsuit was filed after Key Tronic asserted that outstanding amounts were due under the contract. AT believes the claims should be dismissed based on the application of various affirmative defenses including but not limited to lack of damages, failure to mitigate, and Key Tronic was the first to breach - excusing performance.

ECF No. 12 at 3.

  On May 7, 2025, AT provided its initial disclosures to Key Tronic, including an assertion that "[AT's] claimed damages are characterized as an affirmative

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION * 3

defense for offset related to losses of customer orders and accounts due to the inability to obtain products from Key Tronic to manufacture goods." ECF No. 42 at 9.

Key Tronic moved for summary judgment on August 28, 2025. ECF No. 15. AT filed a response on September 25, contending for the first time that the force majeure clause relieved it of liability. ECF No. 24 at 8. AT also contended it paid more in inventory credits than Key Tronic's alleged damages gave it credit for, but otherwise did not object to Key Tronic's calculation of the value of Aged Inventory it held.[2] *Id*. at 11.

This Court granted Key Tronic summary judgment in part, including that AT owed Key Tronic $367,212.80 in Aged Inventory. ECF No. 39 at 8. The Court also ruled AT had waived the defense of contractual force majeure by failing to plead it in its answer. *Id*. at 6.

## ANALYSIS

AT moves under FRCP 60(b) for reconsideration of the Court's order granting summary judgment in part. However, FRCP 60(b) concerns motions for relief from a judgment or final order. FRCP 54(b) governs reconsideration of a

---

[2] Key Tronic's evidence showed these prepayments were in fact credited. *Compare* ECF No. 36-1 at 2 *with* ECF No. 21, ¶¶7-8.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION * 4

non-final order. An order that resolves fewer than all the claims among the parties – that is, a non-final order – "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FRCP 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).

Regardless, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. "A [motion for reconsideration] may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (in context of motion for reconsideration under Rule 59(e)) (emphasis in original).

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION * 5

AT fails to demonstrate any of the three circumstances warranting reconsideration. First, while AT presents new evidence with its motion, both as to whether Key Tronic was on notice of its intent to assert the Agreement's Force Majeure Clause and as to the amounts it owed as Aged Inventory, it fails to argue how any of this evidence was "newly discovered" or otherwise could not have been raised earlier in litigation.

While it is true Key Tronic did not contend AT waived the affirmative defense of contractual force majeure until its reply brief, this is a direct consequence of AT's failure to mention the concept of force majeure until its response brief. Had AT wished to address Key Tronic's waiver argument, it should have moved to file a sur-reply, or pre-emptively addressed this issue in its response as it would have been aware this was the first time the defense was explicitly asserted.

As for the new argument concerning Aged Inventory, AT's Vice President Manton Cheung states this argument rebuts statements made at oral argument. ECF No. 43, ¶2. Nevertheless, this entirely new argument relies on evidence AT had when responding to Key Tronic's motion for summary judgment and rebuts dollar figures set forth by Key Tronic with its motion. The appropriate time to present this evidence and demonstrate a dispute as to the amount of Aged Inventory owed

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION * 6

was in response to the motion. AT waived this argument by waiting to raise it on reconsideration after the Court's order granting summary judgment.

Second, AT fails to demonstrate clear error or a manifest injustice. AT's notice argument relies upon references to other defenses of offset or Key Tronic's breach, which are separate from the defense of contractual force majeure. Key Tronic was not on fair notice of AT's intent to rely on the specific force majeure contractual provision from the "roadmap" consisting of completely different defenses. While the gist of the defenses AT actually notified Key Tronic of are similar, AT's failure to plead the defense of force majeure deprived Key Tronic of the opportunity to fully conduct discovery into the force majeure clause and the parties' intent as to when it would apply. The Court's order that AT waived the defense of force majeure was therefore not a clear error or a manifest injustice.

As to AT's argument concerning the calculation of the amount of Aged Inventory it owes, AT does not demonstrate clear error. Mr. Cheung's declaration is not a model of clarity and it does not clearly demonstrate that Key Tronic overcharged for Aged Inventory. Mr. Cheung only declares "the increase [in Aged Inventory owed between January and September 2024] *appears* to be that Key Tronic changed the priced per part costs," ECF No. 43, ¶6 (emphasis added), and that "[he] *believe*[s] that this was done for many parts that Key Tronic held in

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION * 7

inventory." *Id*., ¶11 (emphasis added). This speculation falls far short of demonstrating clear error.

It would not be a manifest injustice for the Court to refuse to consider this new argument either. Key Tronic set forth its claimed amount of Aged Inventory damages in its motion. AT did not dispute Key Tronic's calculation, other than by claiming it should be reduced according to prepayments it made which were not credited. Key Tronic's calculated Aged Inventory damages do not work a manifest injustice on AT when AT itself failed to dispute them on the first go-around.

Third and finally, AT does not contend there is any new law supporting reconsideration.

For the above reasons, AT fails to demonstrate why the Court should grant it reconsideration on the order granting Key Tronic partial summary judgment.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant Alien Technology, LLC's Motion for Reconsideration, **ECF No. 41**, is **DENIED**.

**DATED** December 19, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION \* 8